UNITED STATES BANKRUPTCY COURT                                        trs5087
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
In re:

GENEVIEVE WELCH,                                    Case No.: 12-76555-dte
                                                    Chapter 7


                              Debtor.
---------------------------------------------------------X


## ORDER OF RETENTION OF SPECIAL COUNSEL

Upon reading and filing the application of Richard L. Stern, the Chapter 7 Trustee (the "Trustee") for the estate of Genevieve Welch, (the "Debtor") dated February 4, 2013, and the affirmation of Annamarie Bondi-Stoddard, sworn to on the 17th day of January, 2013, seeking the entry of an order pursuant to Title 11 of the United States Code, (the "Bankruptcy Code") §327(e) and Federal Rule of Bankruptcy Procedure ("F.R.B.P.") Rule 2014, authorizing the retention of Pegalis & Erickson, LLC as Special Counsel ("Special Medical Malpractice Counsel") and after due deliberation, it being determined that the relief requested is necessary for the administration of the estate, and this Court being satisfied that the attorney does not hold or represent any interest adverse to the Trustee, the Debtor, or his estate with respect to the matter upon which the attorney is to be retained, and is a disinterested person within the meaning of 11 U.S.C. Section 101(14) and 327(a) and that its employment is necessary and would be in the best interests of the estate, and no further notice being required and sufficient cause having been shown, it is

ORDERED, that the Trustee is authorized to retain Pegalis & Erickson, LLC as Special Medical Malpractice Counsel, to be compensation on a 33 1/3 percent basis of any recovery pursuant to 11 U.S.C. Sections 327(e) and 328 of the Bankruptcy Code, and F.R.B.P. Rule 2014(a), to prosecute and conclude a pending personal injury action involving injuries suffered by the Debtor in the action entitled "Genevieve Welch, Plaintiffs v. Queens Long Island Medical Group, PC et al. , Defendants." (the "Medical Malpractice Action") and to be compensated for the services rendered and the disbursements made pursuant to a contingency retainer upon filing of a proper application

therefore to, and approval by, the Court pursuant to Sections 328, and 330 of the Bankruptcy Code, the F.R.P.B. Rules of Bankruptcy Procedure, AND ANY CONTROLLING Local Rules for the United States Bankruptcy Court – Eastern District of New York; and it is further

ORDERED, that each and every May and November following the date of this order, the Special Counsel shall report to the Trustee and to the Trustee's satisfaction, by letter, detailing the status of the ; and it is further

ORDERED, that any settlement of the personal injury action shall be subject to the Trustee's written consent and subject to approval of this Court upon the Trustee's motion to the Court; and it is further

ORDERED, that upon settlement or other liquidation of the claims being prosecuted in the employment discrimination action, the gross proceeds from the settlement or other liquidation shall be turned over to the Trustee upon receipt by Special Counsel and/or the debtor for the distribution by Trustee in accordance with orders of this Court and/or the Bankruptcy Code; and it is further

ORDERED, that within 30 days of entry of this order, Special Counsel shall, if applicable, comply with Rule 691.20 of Title 22 of the Official Compilation of Codes, Rules and Regulations of the State of New York (22 NYCRR 691.20); and file with the Office of the Court Administration of the State of New York a written statement of this retention with a copy of this order annexed thereto; and serve upon the Trustee and file with this Court a duplicate of any documents filed with the Office of Court Administration of the State of New York related to the personal injury action; and it is

further

ORDERED, that notwithstanding anything else contained in this order, Special Counsel is directed to maintain contemporaneous time records of the services performed for the Estate in a manner consistent with the Bankruptcy Code and the United States Trustee's Guidelines; and it is further

ORDERED, that the issuance of the discharge of the Debtor by the Bankruptcy Court shall not divest the Trustee and the Estate of the Debtor of any interest in the personal injury action or the proceeds derived therefrom.

Dated: Central Islip, New York

_____
DOROTHY EISENBERG
United States Bankruptcy Judge

"No Objection"

_____
Office of the United States Trustee

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:

                                         Case No.: 12-76555-dte

GENEVIEVE WELCH,                          Chapter 7


                        Debtor.
-----------------------------------------------------------X

## <u>TRUSTEE'S APPLICATION</u>

TO THE HONORABLE DOROTHY EISENBERG, BANKRUPTCY JUDGE:

The application of Richard L. Stern, trustee, respectfully sets forth:

1.  Your applicant has been appointed trustee of the estate of Genevieve Welch, the debtor
    in this case.   Applicant has qualified and is now acting as trustee.

2.  Applicant wishes to retain Pegalis & Erickson, LLC, as his attorney to represent him on
    behalf of the debtor.

3.  Applicant has selected Pegalis & Erickson, LLC, as special personal injury counsel since
    this law firm was representing the debtor prior to the filing of the Chapter 7 proceeding
    and upon  information and belief, this firm has an expertise with respect to a personal
    injury action.

4.  Upon information and belief, Pegalis & Erickson, LLC, has considerable experience in
    similar actions and is well qualified to represent the applicant in that action.

5.  This case appears to require future development in the form of discovery and possible
    motion practice.

6.  The professional services which is expected to render include:

    a:  to give your applicant legal advice with respect to their opinion of the strengths
    and weaknesses of the case;

    b:  to institute all appropriate proceedings necessary to prosecute the claims to the
    point of the entry of judgment;

    c:  to examine the validity of alleged defenses and affirmative defenses which are or
    may be raised by the various defendants and to respond to them;

     d:  to conduct examinations of the defendants and of any other witnesses who are familiar with or may be of assistance to the plaintiffs in the preparation of the case for trial;

     e:  to proceed to the trial of any and all of the issues  raised by the parties in the aforementioned action;

     f:  to advise the applicant as to the relative strengths and weaknesses of the plaintiff's and defendant's cases and to advise as to the desirability, if any, of a settlement of the action;

     g:  to notify the applicant of any offers of settlement and to represent the applicant in any negotiations and proceedings related to a resolution of the action.

7.  Upon information and belief, neither Pegalis & Erickson, LLC, nor any of his employees or  agents holds or represents any interest adverse to the estate of the above-named debtor  and is a disinterested person as that term is defined by 11 U.S.C. 101(14).

8.  A copy of the retainer agreement is annexed which states that special counsel will receive 33 1/3 percent of sums recovered as a legal fee.

9.  There has been no compensation paid to the firm, nor has there been any promise of compensation.

10.  That applicant has not previously rendered professional services to the Debtor.

WHEREFORE, the Applicant prays for authorization pursuant to 11 U.S.C. 327 to retain Pegalis & Erickson, LLC, as the Trustee's Special counsel in this case to represent him and for such other and further relief which this Court may find to be just and appropriate.

Dated:  Melville, New York
       February 4, 2013

/s/ Richard L. Stern

_____

Richard L. Stern
Chapter 7 Trustee